# 16-3217-cr

**United States Court of Appeals
for the Second Circuit**

Docket No. 16-3217-cr

UNITED STATES OF AMERICA,

          Appellee,

-against-

BRIAN RUBEL,

          Defendant-Appellant.

APPEAL FROM A FINAL JUDGMENT
OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**BRIEF FOR DEFENDANT-APPELLANT BRAIN RUBEL
PURSUANT TO ANDERS V. CALIFORNIA, 386 U.S. 738 (1967)**

FEDERAL DEFENDERS OF NEW YORK, INC.
APPEALS BUREAU
52 Duane Street, 10th Floor
New York, New York 10007
Tel. No.: (212) 417-8742

Attorney for Defendant-Appellant
 **BRIAN RUBEL**

**PHILIP WEINSTEIN,**
 Of Counsel

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . ii

JURISDICTIONAL STATEMENT PURSUANT TO FED. R. APP. P. 28(A) . . 1

QUESTION PRESENTED . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . 2

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . 2

The Original Conviction and Sentence . . . . . . . . . . . . 2

The Violation of Supervised Release . . . . . . . . . . . . 2

The Revocation Proceeding Admission . . . . . . . . . . . . 3

Sentence . . . . . . . . . . . . . . . . . . . . . . . . . . 4

POSSIBLE ISSUE ON APPEAL

    I.   <u>Rubel's Admission to Violating His Probation Was Entered in Accordance with the Requirements of Fed. R. Crim. P. 32.1</u> . . . . . . . . . . . . . 6

    II.  <u>There Is No Non-frivolous Basis to Review Rubel's Sentence</u> . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . 10

**TABLE OF AUTHORITIES**

**Cases**                                                                                                         **Page(s)**

Anders v. California, 386 U.S. 738 (1967) . . . . . . . . . . . .  10

Gagnon v. Scrapelli, 411 U.S. 778 (1973) . . . . . . . . . . . . . 6

Minnesota v. Murphy, 465 U.S. 420 (1984) . . . . . . . . . . . . . 6

United States v. Green, 618 F.3d 120(2d Cir. 2010) . . . . . 9

United States v. McNeil, 415 F. 3d 273(2d Cir. 2005) . . . . . 7

United States v. Myers, 426 F.3d. 117(2d Cir. 2005) . . . . . . 9

United States v. Pelensky, 129 F.3d 63(2d Cir. 1997) . . .  6, 7

United States v. Wirth, 250 F.3d 165(2d Cir. 2001) . . . . . . 8

United States v. Verkhoglyad, 516 F.3d 127 (2d Cir. 2008) . . 8

**Statues and Other Authorities**

18 U.S.C. § 2252A(b)(2) . . . . . . . . . . . . . . . . . . . . . 8

18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3583(b)(3) . . . . . . . . . . . . . . . . . . . . . 8

18 U.S.C. § 3583(h) . . . . . . . . . . . . . . . . . . . . . . 8

18 U.S.C. § 3583(e)(3) . . . . . . . . . . . . . . . . . . . . . 8

18 U.S.C. § 3742(a) . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3742(e)(4) . . . . . . . . . . . . . . . . . . . . . 7

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . 1

United States Guidelines
    § 5D1.3(b) . . . . . . . . . . . . . . . . . . . . . . . . . 9

___

**United States Court of Appeals
for the Second Circuit**

_____

Docket No. 16-3217-cr
_____

UNITED STATES OF AMERICA,

                            Appellee,

      -against-

BRIAN RUBEL,

                  Defendant-Appellant.

_____

APPEAL FROM FINAL JUDGMENT
OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
___

BRIEF FOR DEFENDANT-APPELLANT BRIAN RUBEL
___

**JURISDICTIONAL STATEMENT PURSUANT TO FED. R. APP. P. 28(A)**

This is an appeal from a final judgment entered on October 4, 2016 in the United States District Court for the Southern District of New York (Seibel, J.), revoking appellant's term of supervised release and sentencing him to 12 months in prison, to be followed by a life term of supervised release. A timely notice of appeal was filed on September 16, 2016. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). The district court had jurisdiction pursuant to 18 U.S.C. § 3231.

1

**QUESTION PRESENTED**

Whether this case presents any non-frivolous legal issues that can be raised on appeal.

**STATEMENT OF THE CASE**

**PRELIMINARY STATEMENT**

Brian Rubel appeals from a judgment revoking his supervised release and sentencing him to 12 months of incarceration to be followed by a term of supervised release for life with a special condition that for the first five years on supervised release he have no contact with a child under 18 years old unless approved by his probation officer. On appeal, this Court continued the Federal Defenders of New York, Inc., Appeals Bureau, as counsel under the Criminal Justice Act.

## The Original Conviction and Sentence

Following his 2010 conviction of Possession of Child Pornography, Rubel was sentenced to 66 months of incarceration with a life term of supervised release. One of the special conditions imposed was that for his first 5 years on supervised release Rubel was prohibited from having deliberate contact with a child under 18 years old unless approved by his probation officer. A. 57-59, 60.

## The Violation of Supervised Release

On September 8, 2016, Probation filed a Violation Report containing four specifications. The Report alleged: (1) Since August 2016, Rubel had not participated in sex offender

3

treatment; (2) he had contact with a child under 18 years old without permission of the probation officer; (3) in June 2016 he had loitered within 100 feet in a park after hours; and (4) in March 2016 he had failed to truthfully answer questions by his probation Officer concerning his use of a school computer for internet on-line activities such as Facebook. V 3-7.[1] Upon Mr. Rubel's release from prison in May 2015, Probation had reviewed with him all his conditions of release including those specified as violated. A. 7. Among the factual allegations in specifications was his stated view "that there's nothing wrong with a 12 or 13 year old having sex with an older person." V 3. He also acknowledged repeatedly visiting a friend's apartment when her 8 year old child was home in violation of the special conditions. V 5.

According to Probation, the advisory Guideline range is 3 to 9 months with a statutory maximum of two years. Probation recommended a sentence of 12 months. V 7. Probation justified this recommendations not only based on his specified violations, but by threatening remarks to his sex therapist requiring law enforcement monitoring during his session. V 8

**The Revocation Proceeding Admission**

On September 14, 2016, Rubel appeared before Judge Seibel to admit all four specifications and to be sentenced. Before

---

[1] "V" refers to the violations report which has been filed under seal: "A" refer to the appendix.

4

accepting his admission the court placed Rubel under oath and determined he is fluent in English, is not currently taking medications, has had enough time to discuss the allegations with counsel and is satisfied with the representation he has received. A. 14-17. He understood that he was entitled to a hearing on the allegations where he would have the assistance of counsel, the government would have the burden of proving the violations by a preponderance of the evidence and the sentence could be as long a two years if the government proved the specifications. A. 16-18. He was also told that he faced a term of supervised release up to life and that the sentencing Guidelines are advisory. He told the court that he was not admitting the specifications as the result of any sentence promise or any threat. A. 18-19.

Rubel acknowledged that since August 2015 he failed to participate in sex offender treatment as directed; that he had deliberate contact with a child under 18 without permission of his probation officer; that he had loitered within 100 feet of a place primarily used by children under 18 years old; and that on March 28, 2016 he failed to truthfully answer questions from his probation officer about his use of Facebook. A. 21-24. The court accepted his plea. A. 24.

**Sentence**

Both the prosecutor and the probation officer requested an above Guideline sentence because of his persistent violations of his supervised release. A. 25-27. Defense counsel sought a three-

5

month sentence. In counsel's view the 12-month sentence is "warehousing someone who has severe, extended, lifetime emotionally crippling illness." A. 28-30. Rubel made a statement acknowledging his violations. He said he "woke up" and wanted to prove himself going forward. A. 31-32.

At the outset, the court stated the three to nine months Guideline range was not binding on the court. A. 32. Among the facts relevant to the nature and circumstances of the offense, the court referred to:

> they are serious and troubling violations. This is a defendant who talked the talk when I sentenced him last time about understanding that he needs help, and yet, not only did he not go into his sex-offender treatment with his heart in it, he was belligerent and inappropriate and was warned multiple times and continued to be aggressive to the point where his therapist felt physically threatened and he made some very inappropriate comments like he was going to slit somebody's throat. And according to the therapist, maintained that there's nothing wrong with a 12 or 13-year-old having sex with an older person, it's just our society that makes it seem wrong, which undercuts what he told me at the time of sentencing, which I'll review in a moment.

> He also seems to struck up a friendship with somebody with a young daughter and hung around with this friend and not clear whether it was a girlfriend or not since the defendant seemed to have a girlfriend of 19, but he knew perfectly well he wasn't allowed to be with a child and that is alarming.

A. 33.

The court also stated it had "zero confidence" that Rubel would refrain from violating the terms of supervised release and that a sentence longer than the 12 months would be reasonable.

6

Nevertheless, the court imposed a sentence of 12 months. A. 36. The court reimposed the same special conditions that previously had been imposed. A. 37. Among these special conditions was that for the first five years on supervised release, the defendant shall not have deliberate contact with any child under 18 without approval of probation. A. 40.

Counsel objected to that special conditions because it would prevent him from having an adult relationship with a woman with young children. A. 42. In overruling that objection the court relied, in part, on the fact that Rubel "thinks it's okay to have sex with a 12 year old" and his resistance to treatment. A. 43.

## POSSIBLE ISSUE ON APPEAL

### I. Rubel's Admission to Violating His Probation Was Entered in Accordance with the Requirements of Fed. R. Crim. P. 32.1

Because a supervised release revocation hearing is not a criminal proceeding, it is not subject to the full constitutional procedural protections that apply to guilty plea. See Minnesota v. Murphy, 465 U.S. 420, 435 (1984). Unlike a guilty plea, admissions of supervised release violations do not receive the protections provided by Fed. R. Cr. P. 11. See Gagnon v. Scrapelli, 411 U.S. 778, 782 (1973); United States v. Pelensky, 129 F.3d 63, 68-69 (2d Cir. 1997) (voluntariness colloquy required under Rule 11 is inapplicable to supervised release hearing since it is not considered a criminal trial). Instead, the proceedings are governed by Fed. R. Crim. P. 32.1. The Rule

7

mandates that the defendant be given written notice of the charges, be informed of the evidence against him, be afforded the opportunity to appear in person to present evidence and to question adverse witnesses and be informed of the right to counsel. These factors are reviewed for the abuse of discretion. See <u>United States v. McNeil</u>, 415 F. 3d 273, 277 (2d Cir. 2005).

Measured by these standards there is no non-frivolous ground for challenging Rubel's admission that he violated his supervised release. The court asked a series of questions to determine whether he was competent, had sufficient time to consult with counsel and was satisfied with her performance. In addition, Rubel admitted to each of the four specifications and stated to the court that his admission was voluntary. He had neither been threatened nor given any promises concerning the ultimate sentence. Rubel was aware of the maximum sentence available to the court as well as the Guideline range, which he knew was not mandatory. There is no no-frivolous argument that these proceedings failed to comply with Rule 32.1. Rubel received the requisite written notice of the violation and the evidentiary support for that allegation.

**II. <u>There Is No Non-frivolous Basis to Review Rubel's Sentence.</u>**

There is no non-frivolous basis for challenging Rubel's sentence for violating the term of his supervised release. Such a sentence is reviewed by this Court to determine (1) if the district court considered the applicable policy statements; (2)

8

if the sentence is within the statutory maximum; and (3) if the sentence is reasonable. See 18 U.S.C. § 3742(e)(4); Pelensky, 129 F.3d at 69. Thus, in United States v. Wirth, 250 F.3d 165, 169 (2d Cir. 2001), this Court held, "We reverse a district court's imposition of a sentence in the absence of an applicable sentencing guideline only if it is plainly unreasonable." See United States v. Verkhoglyad, 516 F.3d 127 (2d Cir. 2008) (same standard of review for probation violation).

With respect to consideration of the supervised release violation policy statements in the Guidelines, the district court explicitly referred to the "Advisory Sentencing Guideline" that "calls for incarceration of three to nine months." Originally, Rubel pled guilty to a charge of Possession of Child Pornography, which carries a maximum sentence of ten years. 18 U.S.C. § 2252A(b)(2). Pursuant to 18 U.S.C. § 3583(b)(3), the court could have imposed a two year sentence of imprisonment as well as a term of supervised release of life for the violations. 18 U.S.C. § 3583(h) and (e)(3). Instead, it imposed a much lower term. But higher than the guideline range.

Since the Guideline are advisory, the court was authorized to impose a maximum sentence of 2 years. Both probation and the prosecution asked for a one year sentence, which the court imposed. That sentence was imposed based Rubel's repeated failure to attend sex offender treatment, his threats to the therapist and his stated belief that there was nothing wrong with a 12 year

9

old having sex with an adult. The court also expressed the view, based on Rubel's past behavior, that he would refrain from violating his conditions of supervised release.

In addition to the term of supervised release, the court reimposed a special condition, among others, that for the first 5 years of his supervised release, that "Rubel shall not have deliberate contact with any child under 18 years of age, unless approved by the probation officer." Counsel objected on the grounds that Rubel might have a relationship with an adult woman with a child under 18 years old.

Conditions of supervised release are reviewed for abuse of discretion. <u>United States v. Green</u>, 618 F.3d 120, 122 (2d Cir. 2010) A sentencing court may impose special conditions of supervised release as long as they are reasonably related to any of the specified factors in U.S.S.G § 5D1.3(b). <u>United States v. Myers</u>, 426 F.3d. 117, 123 (2d Cir. 2005). Among the relevant factors are the nature and circumstances of the offense, the history and characteristics of the defendant and the need to protect the public. U.S.S.G § 5D1.3(b). While "no contact with children" provisions have been deemed too broad when it includes a defendant's own children, concern for other children has been held reasonable in light of a defendant's criminal history when it involves child pornography. See <u>United States v. Myers</u>, 426 F.3d. 117, 126-27 (2d Cir. 2005).

In this case there is no non-frivolous argument that the no

10

contact rule was illegal or constituted an abuse of discretion. First, there is no claim that Rubel has his own children. Second, it was imposed at the time of the initial sentence and never challenged on appeal. Finally, not only did Rubel express the view that an adult having sex with a child over 12 years old was appropriate, but one of his admitted violations was an unauthorized and deliberate contact with a child under 12 years old.

## CONCLUSION

For the foregoing reasons, this case raises no non-frivolous issues for consideration bu this Court. Accordingly, counsel's motion pursuant to Anders v. California, 386 U.S. 738 (1967), should be granted.

Dated:   New York, New York
         February 28, 2017

                              Respectfully submitted,

                              FEDERAL DEFENDERS OF NEW YORK, INC.
                              APPEALS BUREAU

                         By:  *Philip L. Weinstein*
                              **PHILIP L. WEINSTEIN**
                              Attorney for Appellant
                                  **Brian Rubel**
                              52 Duane Street, 10th Floor
                              New York, New York 10007
                              Tel.: (212) 417-8742

11

_____

**CERTIFICATE OF SERVICE**

    I certify that a copy of this brief has been served by CM/ECF electronic filing on the United States Attorney/S.D.N.Y.; Attention: **BENJAMIN ALLEE, ESQ.,** Assistant United States Attorney, One St. Andrew's Plaza, New York, New York 10007; and by first class mail on **BRIAN RUBEL** Reg. No. 85175-054, MCC, New York 150 Park Row, New York, New York 10007.

Dated:   New York, New York
          February 28, 2017

                                  *Philip L. Weinstein*
                                **PHILIP L. WEINSTEIN**